| .EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Western Geophysical, a Division of Western Atlas Interna *408 tional, Inc., defendant-appellant, and Larry J. Viator, Sr. et al, plaintiffs-appellants, from summary judgments dismissing two insurers from the suit. For the following reasons we affirm.
The undisputed facts are these. Dau-terive Contractors, Inc. entered into a Master Service Contract with Western Geophysical. The agreement provided that Dauterive would maintain various insurance policies for the benefit of Western Geophysical. During the course of the work, Dauterive provided airboats to transport Western Geophysical crews around the marshes, and Larry Viator, Sr., plaintiff here, was a pilot on one of these boats. Western Geophysical chartered a quarter barge, the Mag II, to house its crews and Viator also slept there.
The present case arose when Viator was awakened for duty before dawn. He alleges that he was sleeping in a top bunk and had placed a chair alongside it to climb into and out of the bed. Unknown to him, someone had | -¡moved the chair during the night. When he attempted to step onto it in the dark the next morning he fell to the floor and was injured.
Viator brought suit against both Dauterive and Western Geophysical under the Jones Act, maritime law and the saving to suitors clause. Early in the proceedings Dauterive’s two insurers denied coverage and Western Geophysical filed a cross-claim against Dauterive alleging breach of its contractual duty to provide insurance. Dauterive then sought bankruptcy protection and all proceedings against it in this suit have been stayed.
Pursuant to the master service contract, Dauterive procured two insurance policies: 1) a Comprehensive General Liability (CGL) policy from Unionamerica Insurance Company Limited, and 2) a Protection and Indemnity (P & I) policy from United Capital Insurance Company. Both of these insurers denied coverage for the present accident, each successfully urged a motion for summary judgment on this issue, and both judgments were appealed to this court.
Shortly after these appeals were filed, this court was notified that United Capital was in liquidation in Illinois, and all proceedings against it in this court were stayed. Thus, only the summary judgment in favor of Unionamerica is before us.
Although Unionamerica relied on several clauses in its CGL policy to deny coverage, in this court’s opinion the “watercraft exclusion” clause is the most straightforward. It is not contested that the policy would not provide coverage if the Mag-II, the quarter barge upon which the accident occurred, is deemed a “watercraft.” Appellants argue that because the policy does not otherwise define “watercraft,” the term requires further explication as a term of art. They further assert that there are factual questions as to the precise nature of the quarter barge and thus whether or not it is a|4“watercraft” as contemplated in the policy. We disagree with both assertions.
A watercraft is commonly understood to be a boat, a vessel, or some other apparatus that goes about on the water. Here, the quarter barge was the subject of a demise charter for the “vessel ‘Mag-II’ ” between Western Geophysical and the vessel owner Magnolia Quarterboats, Inc. The charter refers to the quarter barge throughout as a “vessel.” It stipulates that the charterer may inspect the vessel “afloat” prior to executing the charter, that the vessel may only be moored so as to lie afloat at all times and in all tides, and that it is not to be navigated outside of protected waters or in the Gulf of Mexico or the Caribbean sea. The charter is referred to *409 as a maritime contract subject to maritime law. An appendix sets forth maintenance requirements for the “main engines,” and refers to the “quarterboat” exterior. In light of all these references to various aspects and uses of the Mag-II, there can be no dispute that it is a “watercraft” as contemplated in the insurance policy language. That being so, there is also no dispute that the Unionamerica CGL policy excludes coverage for the accident at issue here.
For the foregoing reasons, the summary judgment of the district court in favor of Unionamerica Insurance Company Limited dismissing it from this suit is hereby affirmed.

AFFIRMED.